TRUJILLO & MERCADO, PLAINTIFFS, APPELLANTS AND RESPOND-
ENTS, *v.* SUCCESSION OF RODRÍGUEZ, DEFENDANT, RESPOND-
ENT AND APPELLANT.

APPEAL from the District Court of Ponce in an Injunction

No. 1174.—Decided April 6, 1915.

WATERS—LAW OF WATERS—ADMINISTRATIVE AUTHORITY—EXECUTIVE COUNCIL.—
According to article 152 of the Law of Waters, the administrative authori-
ties,—formerly the Minister of the Colonies and now the Executive Council,—
must fix the quantity of water which a concessionary is entitled to use in order
to determine his rights.

INJUNCTION—EJECTMENT—EVIDENCE.—In order that a permanent injunction may
issue, the proof of the right must be clear the same as in an action of eject-
ment.

WATERS—ADMINISTRATIVE CONCESSION—INDEFINITE RIGHT—EVIDENCE.—When it
is shown that a person has been granted the right to take a certain amount
of water from a river, such right cannot be enjoined by another right to
take water lower down the river when the proof shows that, although this
latter concession was made before the former, it is evident that the quan-
tity of water which might be taken thereunder was fixed subsequently, and
especially when such water can be obtained, although at some cost, by extend-
ing the canal to a point higher up.

ADMINISTRATIVE CONCESSION—CONFLICT—EXECUTIVE COUNCIL.—In case of sub-
stantial conflict between concessions made by the Executive Council, such
conflicts should be settled by the Executive Council administratively, because
a court cannot give origin to a right but can only pass upon fixed rights.

The facts are stated in the opinion.

*Messrs. Tord & Castro* for the plaintiffs.

*Messrs. Gustavo Rodríguez* and *José G. Torres* for the
defendant.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant firm began a suit for injunction against
the defendant succession to prevent the latter from using
the waters of the river Guayanilla. The trial was originally
had before a former judge of the District Court of Ponce
but the written proofs and exhibits were, by the stipulation
of the parties, submitted to Mr. Justice Sepúlveda, the pres-
ent judge of Ponce, who denied the injunction. There is
no real conflict over the facts.

The complainant is an agricultural firm and owns three farms called "Rufina," "Faro," and "San Colombano," cane being the principal product of the three of them. The respondent is the owner of a farm situated in the ward of Jagua Alta and bordering on the river Guayanilla. For more than thirty years the farms "Faro," "San Colombano" and "Rufina" had been availing themselves of the waters of the river Guayanilla, the said farms and the "Rufina" factory being irrigated or run by such waters. On May 2, 1907, Blas Rodríguez obtained from the Executive Council a concession or franchise to irrigate thirty acres of his land, being allowed to take forty liters per second from the waters of the river Guayanilla. This concession was made without prejudice to anyone else who might have greater rights. It was also shown that after the concession to Blas Rodríguez the complainant firm applied to the Executive Council to fix the amount of water that the complainant firm should be allowed to take from the said river by reason of an ancient concession which it alleged that it had, and on March 26, 1908, the said Council made an order by which, under certain reservations, the complainant was allowed to take 183½ liters per second from said river, and the complainant placed a meter to determine the exact quantity. The farm of the respondent is located higher up the stream than the farm of the complainant. It was also shown that the complainant firm has two intakes of water on the river Guayanilla for the purpose of irrigating its farms, one of them in the farm "San Colombano" and the other in "Rufina." The meter is in one of these intakes and from the other intake lower down the stream the complainant extracts by means of a pump the water which has filtered or soaked into the bed of the stream and comes out at the point of the second intake, and this water is absorbed at a point lower down than the point from which the respondent takes its water. It was clearly shown by the proof of experts and otherwise that the complainant might easily, although at

some cost to itself, by extending its canal extract water from the same point at which Blas Rodríguez is taking his water and permit each of the parties to take the respective amounts of water per second conceded by the Executive Council. It was also proved at the trial that in a period of drought the waters of the river Guayanilla are insufficient to provide the complainant with 183½ liters of water per second even if the respondent fail to take any water from the stream.

The Executive Council, as we have seen, in granting the concession to Blas Rodríguez did so without prejudice to the greater rights of anyone else. Similarly, the Executive Council in granting the right to the complainant to take 183½ liters per second did so without prejudice to the relative rights of the applicants or of Blas Rodríguez, or any other persons, to take water from the Guayanilla River, the determination of such relative rights to be arrived at between the parties concerned or by the courts.

In view of the foregoing facts, the court below drew attention to the character of the proof of the complainant, namely, that its original concession was not proved, but only secondary proof, indicating the existence of a right to take water from the river Guayanilla, was presented. The complainant did, in fact, introduce various exhibits and some testimony to show that it or its predecessors in title had a right to take water from the river Guayanilla, beginning perhaps as far back as the year 1843, but nowhere in the proof is there any clear indication of the quantity of water to which the complainant was entitled. The evidence showed that at various times the predecessors of the complainant had recourse to the administrative authorities to settle some question between themselves and other persons as to the right to take water from the river. The appellant points out as the strongest bit of proof that along about 1873 the administrative authorities, at the petition of the then owner of "Rufina" and the then owner of "Faro" and "San Colombano," the three farms

not being then held jointly, made an order requiring some-body further up the stream to cease taking water from the river for irrigation purposes, but there is nothing in the proof showing how much the person up the stream had di-verted from the river Guayanilla or how badly the prede-cessors of the complainant were injured by such diversion. The question appears to have been settled administratively and without any adjudication of the rights of the prede-cessors of the complainant. It was also shown by some of the exhibits that Guillermo Tirado, owner of the farms "Faro" and "San Colombano," and Dionisio Torres, owner of the farm "Rufina," represented to the administrative au-thorities that they divided between themselves all the ordi-nary waters of the stream as distinguished from the extra-ordinary freshets, but there was no proof of their relative rights, as established by any concession, and no indication of either the amount they were entitled to take or the exact amount of land they had the right to irrigate. Beyond all this, there is no indication in the proof as to the state of cultivation in 1843 of the three farms owned by the complain-ant, the time when the alleged concessions were originally granted, or the volume of the water of the river at that pe-riod, whether greater or less than at present.

We think the appellants utterly failed to establish an exclusive right to the waters of the river Guayanilla or that they proved anything more than that they had been conceded a right to take water from such river. Under such state of facts, the Law of Waters, section 152, makes it clear that it is necessary for a grantee of waters to have the quantity of water which he is entitled to take fixed by the adminis-trative authorities, formerly the Minister of the Colonies, now the Executive Council; but, as we have seen, the Execu-tive Council in making the concession to the complainant expressly refused to determine the right of the complain-ant but granted the concession to take 183½ liters per second upon the theory that the complainant might have certain

rights which he could prove before a court. The right of the complainant was indefinite as to the amount of water and that right has not been administratively determined by the Executive Council. The complainant failed to show that its right was exclusive of the right of Blas Rodríguez.

The burden of proof was upon the complainant and it failed to establish the amount of water which it was entitled to take or that it had an exclusive right to such water. There is a good deal of discussion in the briefs as to the character of the proofs necessary in a suit for injunction. We need not enter into a consideration of how much proof is necessary in a suit for injunction further than to say that in order to issue a permanent injunction the proof of a right must be clear, but it is also true that in an ejectment suit the complainant must show a clear right, and we find that the complainant has not shown such clear right either for the purposes of an injunction suit or for the purposes of an ordinary suit.

Furthermore, the proof showed that the failure to obtain 183½ liters per second at complainant's point of intake had comparatively little connection with the intake by the respondent, and that by running its canal higher up the complainant would be able to take the entire 183½ liters per second. We think that where a defendant is shown to have been conceded a right to take a certain amount of water higher up the stream, such right cannot be enjoined by a more or less indefinite right to take water lower down the stream when the proof shows that the whole amount conceded by the administrative authorities can be obtained by extending the canal of the complainant. The right was given to the complainant to take 183½ liters per second from the river Guayanilla and the respondent cannot be enjoined in any event where the proof shows that the complainant can obtain such amount, although at some cost, at a point higher up. There is considerable discussion in the briefs over the rights of the complainant by prescription, but such discus-

sion only relates to the title to take waters and in no way upon the extent of such right, because it is clearly settled by the Law of Waters, section 162, that when the amount is indeterminate it must be settled by the administrative authorities, and in this case the complainant's clear right to take 183½ liters per second only arose in 1908 by concession from the Executive Council.

The Executive Council made concessions to each of the parties, and, if there is any substantial conflict between them, such conflict was or should be settled by the Executive Council administratively. The court cannot give origin to the right. It must pass upon fixed rights.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.